FILED

25 MAY 01 AM 7:05

Roy Cooper
North Carolina Attorney General
Edwin M. Speas, Jr.
Chief Deputy Attorney General
Tiare B. Smiley
Special Deputy Attorney General
James Peeler Smith
Special Deputy Attorney General
Attorneys for Defendant-Intervenors,
*State of North Carolina, et al.*
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6900
Facsimile: (919) 716-6763

Jathan W. Janove
Utah Bar No. 3722
Local Counsel for Defendant-Intervenors,
*State of North Carolina, et al.*
Janove Baar Associates, L.C.
9 Exchange Place, Suite 900
Salt Lake City, UT 84111
Telephone: (801)530-0404 ext. 230
Facsimile: (810) 530-0428

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STATE OF UTAH, *et al.*,<br>  Plaintiffs,<br><br>v.<br><br>DONALD L. EVANS, *et al.*,<br>  Defendants,<br><br>and<br><br>STATE OF NORTH CAROLINA, *et al.*,<br>  Defendant-Intervenors. | **Case No. 2:01-CV-00292G**<br><br>**ANSWER OF NORTH CAROLINA INTERVENORS** |



Defendant-intervenors, the State of North Carolina; Michael F. Easley, Governor; Beverly Perdue, Lieutenant Governor; Roy Cooper, North Carolina Attorney General; Marc Basnight, President Pro Tempore of the North Carolina Senate; James Black, Speaker of the North Carolina House; Patrick Ballantine, North Carolina Senate Minority Leader; Leo Daughtry, North Carolina House Minority Leader; Jesse Helms, United States Senator; John Edwards, United States Senator; Eva M. Clayton, Member of Congress; Bob Etheridge, Member of Congress; Walter B. Jones, Member of Congress; David Price, Member of Congress; Richard Burr, Member of Congress; J. Howard Coble, Member of Congress; Mike McIntyre, Member of Congress; Robin Hayes, Member of Congress; Sue Myrick, Member of Congress; T. Cass Ballenger, Member of Congress; Charles H. Taylor, Member of Congress; and Melvin L. Watt, Member of Congress (hereinafter "North Carolina"), answer the titled and numbered allegations of the Complaint filed by plaintiffs as follows:

## NATURE OF THE CASE

It is admitted that this action challenges the most recent census count and the resulting apportionment of Representatives to the states under the federal statutory and constitutional provisions cited. Except as admitted, the allegations of this unnumbered paragraph are legal contentions to which no factual response is required and the same are, therefore, denied.

1. It is admitted that Article I, Section 2, Clause 3 of the Constitution of the United States provides for an "actual enumeration" of the people of the United States every ten years "in such manner as [Congress] shall by law direct" and that the defendant Secretary of Commerce (hereinafter "Secretary") and United States Census Bureau Director (hereinafter "Census Director") are charged by applicable federal law with the responsibility for conducting the Twenty-Second

Decennial Census (hereinafter "Census 2000"). Except as admitted, any remaining allegations are denied.

2. It is admitted that the Secretary and Census Director have responsibilities related to determining the apportionment population based on Census 2000; it is further admitted that the decennial census data is reported by the Secretary to the President of the United States for his use in calculating the number of Representatives allotted to the States. Except as admitted, any remaining allegations are denied.

3. It is admitted that in conducting Census 2000, defendants used a longstanding practice of imputation to provide a more accurate enumeration. It is further admitted that plaintiffs seek a declaration and injunction as described in this paragraph. Defendant-intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegation that approximately 1.2 million persons nationwide were enumerated by imputation and the same is, therefore, denied. Except as admitted, any remaining allegations are denied.

## THE PARTIES

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

## JURISDICTION AND VENUE

19. It is admitted that jurisdiction before a three-judge panel is proper under 28 U.S.C. § 2284. Except as admitted, any remaining allegations are denied.

20. Admitted.

## GENERAL ALLEGATIONS

21. It is admitted that Article I, Section 2, Clause 3 of the United States Constitution, as modified by the Fourteenth Amendment, provides for an actual enumeration of persons in each state every ten years "in such manner as [Congress] shall by law direct" and that representatives "shall be apportioned among the several states" "according to their respective numbers," except that "each state shall have at least one representative." Except as admitted, any remaining allegations are denied.

22. Admitted.

23. It is admitted that plaintiffs have accurately quoted 13 U.S.C. § 195. Except as admitted, the allegations of this paragraph are legal contentions to which no factual response is required and the same are, therefore, denied.

4

24. It is admitted that at various times in the history of the Census the decennial census enumeration was conducted by the Census Bureau by personal visits to dwelling-houses and making inquiries to heads of household, family members and neighbors. It is further admitted that in 1964 the Census Act permitted the replacement of personal visits with a mailout-mailback form delivered and returned via the Postal Service. Except as admitted, any remaining allegations are denied.

25. The allegations of this paragraph are admitted to the extent they accurately quote from *Department of Commerce v. United States House of Representatives,* 525 U.S. 316, 337 (1999) and 45 FED. REG. 69366, 69372 (1980). It is specifically denied that imputation is statistical sampling prohibited by 13 U.S.C. § 195 or eschewed by the Census Bureau. Except as admitted, any remaining allegations are denied.

### The Census Bureau's Statistical Sampling Proposal for the 2000 Census

26. It is admitted that The Plan for Census 2000 issued in August, 1997, included plans to use statistical sampling to increase the accuracy of Census 2000 and eliminate the traditional undercount of children, renters and minorities. Except as admitted, any remaining allegations are denied.

27. The allegations of this paragraph are admitted to the extent they accurately quote from *House of Representatives,* 525 U.S. at 324. Except as admitted, any remaining allegations are denied.

28. The allegations of this paragraph are admitted to the extent they accurately quote from *House of Representatives,* 525 U.S. at 324. Except as admitted, any remaining allegations are denied.

29. The allegations of this paragraph are admitted to the extent they accurately quote from *House of Representatives*, 525 U.S. at 324-25. Except as admitted, any remaining allegations are denied.

### Legislative and Judicial Responses to the Bureau's Proposal

30. The allegations of this paragraph are admitted to the extent they accurately quote from 105 Pub. L. No. 18, Title VIII, 111 Stat. 217 (hereafter "Title VIII"). Except as admitted, any remaining allegations are denied.

31. It is admitted that The Plan for Census 2000 issued in August, 1997, met the requirements of Title VIII for a "detailed plan." Except as admitted, any remaining allegations are denied.

32. It is admitted that 105 Pub. L. No. 119, Title II, § 209 (hereafter "Section 209"), was enacted after Congress received The Plan for Census 2000 issued in August, 1997, and that Section 209 provides for any action brought under it to be advanced on the court docket and its disposition to be expedited to the greatest possible extent. It is specifically denied that a challenge to the longstanding practice of imputation constitutes statistical sampling subject to challenge under Section 209. Except as admitted, any remaining allegations are denied.

33. The allegations of this paragraph are admitted to the extent they accurately quote from *House of Representatives*, 525 U.S. at 334, 335, 339. It is specifically denied that the opinion in *House of Representatives* struck down imputation or held that Congress and the Census Act have prohibited the use of imputation. Except as admitted, any remaining allegations are denied.

34. It is admitted that *House of Representatives* was resolved under the Census Act, 13 U.S.C. § 195, and the Court did not reach the constitutional question. Except as admitted, any remaining allegations are denied.

### The Census Bureau's Use of Statistical Imputation in the 2000 Census

35. It is admitted that the Census Bureau did not release population numbers adjusted by statistical sampling (as described in The Plan for Census 2000 issued in August, 1997) for use in apportionment or redistricting. It is specifically denied that the Census Bureau used statistical sampling as struck down by the Supreme Court in *House of Representatives* for purposes of the 2000 apportionment count. Except as admitted, any remaining allegations are denied.

36. Denied.

37. It is admitted that the longstanding practice of imputation was used by the Census Bureau in Census 2000 to provide a more accurate enumeration. It is specifically denied that the practice of imputation is equivalent to the statistical sampling struck down by the Supreme Court in *House of Representatives*. Except as admitted, any remaining allegations are denied.

38. It is admitted that the Census Bureau employed the longstanding practice of imputation in conducting Census 2000 in order to provide a more accurate enumeration. Except as admitted, defendant-intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and the same are, therefore, denied.

39. Denied.

40. Defendant-intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and the same are, therefore, denied.

41. Defendant-intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and the same are, therefore, denied.

## CLAIMS FOR RELIEF

### Count I

### (United States Constitution Article I, Section 2, Clause 3; United States Constitution, Amend. XIV, Section 2)

42. Defendant-intervenors incorporate and reallege each of the answers contained in paragraphs 1-41 as if set forth fully herein.

43. It is admitted plaintiffs have accurately quoted selected portions of the United States Constitution. Except as admitted, the allegations of this paragraph are legal contentions to which no factual response is required and the same are, therefore, denied.

44. Denied.

### Count II

### (The Census Act)

45. Defendant-intervenors incorporate and reallege each of the answers contained in paragraphs 1-44 as if set forth fully herein.

46. The allegations of this paragraph are legal contentions to which no factual response is required and the same are, therefore, denied.

47. Denied.

## Count III

### (105 Pub. L. No. 119, Title II § 209)

48. Defendant-intervenors incorporate and reallege each of the answers contained in paragraphs 1-47 as if set forth fully herein.

49. It is admitted plaintiffs have accurately quoted selected portions of Section 209. Except as admitted, the allegations of this paragraph are legal contentions to which no factual response is required and the same are, therefore, denied.

50. It is admitted plaintiffs have accurately quoted selected portions of Section 209. Except as admitted, the allegations of this paragraph are legal contentions to which no factual response is required and the same are, therefore, denied.

51. Denied.

## Count IV

### (The Adminstrative Procedure Act)

52. Defendant-intervenors incorporate and reallege each of the answers contained in paragraphs 1-51 as if set forth fully herein.

53. The allegations of this paragraph are legal contentions to which no factual response is required and the same are, therefore, denied.

54. Denied.

55. Denied.

56. Denied.

## FURTHER ANSWER AND DEFENSES

### FIRST DEFENSE

The manner, form and content of the census enumeration is a non-justiciable political question left to the executive and legislative branches of the federal government and is, therefore, beyond the jurisdiction of the Court.

### SECOND DEFENSE

The Court lacks jurisdiction to order plaintiffs' requested remedy on the grounds that under 2 U.S.C. § 2a(a), each state is entitled to the number of Representatives already reported by the President of the United States to the House of Representatives and certified by the House Clerk to each state and that entitlement can only be challenged in Congress.

### THIRD DEFENSE

This action is barred by *res judicata* and plaintiffs are precluded from asserting the claims presented in this action because said claims arise from the same transaction, event or occurrence as the claims presented by these same plaintiffs against the same defendants in *Utah v. Evans*, Case No. 2:01-CV-00023B, and could have been presented in the earlier action.

### FOURTH DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted in that the continued use of the longstanding practice of imputation by defendants in Census 2000 in order to provide a more accurate enumeration does not violate the Constitution, the Census Act, or any other act of Congress.

**FIFTH DEFENSE**

Plaintiffs have failed to state a claim upon which relief can be granted under the Administrative Procedure Act because defendants' decision for Census 2000 to continue the longstanding practice of imputation in order to provide a more accurate enumeration was rationally based on a consideration of relevant factors.

**SIXTH DEFENSE**

Plaintiffs' untimely claims are barred by the doctrine of laches.

This the 1st day of May, 2001.

ROY COOPER
NORTH CAROLINA ATTORNEY GENERAL

_____
Edwin M. Speas, Jr.
Chief Deputy Attorney General
N.C. State Bar # 4112

_____
Tiare B. Smiley
Special Deputy Attorney General
N.C. State Bar # 7719

_____
James Peeler Smith
Special Deputy Attorney General
N.C. State Bar # 5193

North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6900

Attorneys for Defendant-Intervenors
*State of North Carolina, et al.*