Roy Cooper
North Carolina Attorney General
Edwin M. Speas, Jr.
Chief Deputy Attorney General
Tiare B. Smiley
Special Deputy Attorney General
James Peeler Smith
Special Deputy Attorney General
Attorneys for Defendant-Intervenors,
*State of North Carolina, et al.*
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6900
Facsimile: (919) 716-6763

Jathan W. Janove
Utah Bar No. 3725
Local Counsel for Defendant-Intervenors,
*State of North Carolina, et al.*
Janove Baar Associates, L.C.
9 Exchange Place, Suite 900
Salt Lake City, UT 84111
Telephone: (801)530-0404 ext. 230
Facsimile: (810) 530-0428

FILED
CLERK, U.S. DISTRICT COURT
-6 SEP 01 PM 1:55
DISTRICT OF UTAH
BY DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STATE OF UTAH, *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>DONALD L. EVANS, *et al.*,<br>    Defendants,<br><br>and<br><br>STATE OF NORTH CAROLINA, *et al.*,<br>    Defendant-Intervenors. | Case No. 2:01-CV-292G<br><br>**NORTH CAROLINA INTERVENORS' MOTION TO STRIKE DECLARATION OF DR. WOLFSON REGARDING DATA ON IMPUTATION** |



North Carolina intervenors respectfully move the Court to strike the DECLARATION OF LARA J. WOLFSON, PH.D., REGARDING PLAINTIFFS' ACQUISITION OF DATA ON IMPUTATION IN CENSUS 2000 (hereinafter, "Wolfson Decl. III") which was presented to the Court and parties at the summary judgment hearing on August 29, 2001. The declaration should be struck as untimely and incompetent for the following reasons.

Utah plaintiffs previously filed a supplemental affidavit by Dr. Wolfson as part of their reply/response on July 25, 2001, which attempted to set forth Dr. Wolfson's travails in attempting on her own to obtain imputation data through various governmental sources. That declaration, as noted by North Carolina Intervenors in their Reply Memorandum of August 13, 2001, *see* N.C. Reply at 23 n.10, also was rife with incompetent inadmissible hearsay. For this reason, the earlier declaration did not satisfy the requirements of Fed. R. Civ.P. 56(e), and cannot be considered by the Court. In that declaration, as in the latest declaration, Dr. Wolfson improperly attempted to ascribe thoughts, knowledge, motives and understandings to Utah plaintiffs which were not based on personal knowledge.

At the summary judgment hearing on August 29, 2001, Utah plaintiffs presented an additional declaration by Dr. Wolfson, dated August 28, 2001, which allegedly was meant to respond to the reply memorandum and materials filed by the federal defendants on August 14, 2001. This latest declaration is untimely and incompetent and also may not be considered by the Court.

Dr. Wolfson's latest declaration is essentially a rehash of her earlier declaration, except she goes into more detail about spinning her wheels ineffectually seeking data from all the wrong people. Knowing that the summary judgment hearing was set for August 29th, Utah plaintiffs waited until the hearing itself, two weeks after receiving the defendants' briefs and materials, to spring Dr.

Wolfson's declaration on the Court and parties. Although the declaration was signed the day before the hearing, August 28th, no effort was made by plaintiffs' counsel to provide copies to defendants on August 28th; even the courtesy of providing copies before the commencement of the hearing was omitted. This attempt at trial by ambush should not be condoned.

Although plaintiffs' tardy attempt to pad the record should not be permitted, more importantly the declaration is incompetent under Fed. R. Civ. P. 56(e), and should be struck by the Court. "Rule 56(e) requires that the affidavit be based on personal knowledge, contain facts which would be admissible at trial, and show that the affiant is competent to testify on the matters stated therein." *Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988). *See also El Deeb v. University of Minn.*, 60 F.3d 423, 429 (8th Cir. 1995) ("a court may not consider affidavits that do not satisfy the requirements of Fed. R. Civ. P. 56(e)"); *Schosche Indus. v. Visor Gear*, 121 F.3d 675, 681 (Fed. Cir. 1997) (affidavits containing hearsay statements fail to comply with Rule 56(e) requirements that the facts set forth in the affidavit be admissible in evidence and may not be considered by the court).

Dr. Wolfson cannot answer the questions regarding Utah plaintiffs' inexplicable and inexcusable delay in filing their imputation claim which were originally raised by the three-judge panel in *Utah v. Evans I*. As found by that Court, plaintiffs knew about the census bureau's use of imputation from the commencement of their first lawsuit, but failed to explain why discovery was not sought on the issue. *See* N.C. Mem., Exhibit B (Order, 17 April 2001) at 3-6. Even Dr. Wolfson admits that she was told that the data she sought "would have to be made through a discovery request." Wolfson Decl. III, ¶ 17. Indeed, a discovery request in the plaintiffs' second action, the instant case, produced the data which Dr. Wolfson so ineffectually sought through other sources. *See* N.C. Mem., Exhibit G ("Table 3. Persons Imputed to Unclassified Housing Units in the 2000

3

Census" provided by the federal defendants on June 4, 2001, in response to plaintiffs' Interrogatory No. 4). What plaintiffs and their counsel have never explained is why such a discovery request was not made in *Evans I* on January 16, 2001, along with their other expedited discovery demands.

Plaintiffs unsuccessfully attempt to hide behind Dr. Wolfson's skirts to excuse their failure to pursue their imputation claim in a more timely manner. Dr. Wolfson has no personal knowledge which can excuse plaintiffs' lack of diligence and her declaration of her own futility is irrelevant.

For the foregoing reasons, North Carolina intervenors respectfully urge the Court to strike the untimely and incompetent August 28, 2001, declaration of Dr. Wolfson.

This the 5th day of September, 2001.

ROY COOPER
NORTH CAROLINA ATTORNEY GENERAL

EDWIN M. SPEAS, JR.
CHIEF DEPUTY ATTORNEY GENERAL

*/s/ Tiare B. Smiley*
Tiare B. Smiley
Special Deputy Attorney General
N.C. State Bar # 7719

*/s/ James Peeler Smith*
James Peeler Smith
Special Deputy Attorney General
N.C. State Bar # 5193

North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6900

Attorneys for Defendant-Intervenors
*State of North Carolina, et al.*

4

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing **North Carolina Intervenors' Motion to Strike Declaration of Dr. Wolfson Regarding Data on Imputation** has been served by Federal Express, Priority Overnight delivery, next business day, addressed as follows:

Mark L. Shurtleff
Attorney General of Utah
Raymond A. Hintze
Chief Civil Deputy Attorney General
J. Mark Ward
Assistant Attorney General
236 State Capitol Building
Salt Lake City, Utah 84114
Telephone: (801) 538-1191

Gene C. Schaerr
Michael S. Lee
Jay T. Jorgensen
SIDLEY AUSTIN BROWN & WOOD
1501 K Street, N.W.
Washington, DC 20005

Attorneys for *State of Utah, et al.*

Stuart E. Schiffer
Deputy Assistant Attorney General
Sandra M. Schraibman
Amy M. Allen
Attorneys, U. S. Department of Justice
Civil Division, Federal Programs Branch
901 E. St. NW Room 918 (20004)
P. O. Box 883
Washington, D.C. 20044
Telephone: (202) 514-4523

Attorneys for *Donald L. Evans
and William G. Barron*

This the 5 day of September, 2001.

ROY COOPER
NORTH CAROLINA ATTORNEY GENERAL

Tiare B. Smiley
Special Deputy Attorney General