FILED
CLERK U.S. DISTRICT COURT

10 SEP 01 PM 3:58

DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

Mark L. Shurtleff USB # 4666
UTAH ATTORNEY GENERAL
Raymond A. Hintze USB #1501
Chief Civil Deputy Attorney General
J. Mark Ward USB # 4436
Assistant Attorney General
236 State Capitol Building
Salt Lake City, Utah 84114
Telephone 801-538-1191
Facsimile 801-538-1121

Thomas R. Lee USB # 5991
1395 E. Canberra Dr.
Lindon, Utah 84042
Telephone 801-378-9024
Facsimile 801-378-5893

Gene C. Schaerr
Michael S. Lee USB #8108
Jay T. Jorgensen USB #8216
SIDLEY & AUSTIN BROWN & WOOD
1501 K Street, N.W.
Washington, DC 20005
Telephone 202-736-8000
Facsimile 202-736-8711

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STATE OF UTAH, et al.<br><br>Plaintiffs,<br>v.<br><br>DONALD L. EVANS, et al.<br><br>Defendants. | **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTIONS TO STRIKE DECLARATION OF LARA J. WOLFSON, Ph.D.**<br><br>Case No. 2:01–CV–292: G |



Plaintiffs hereby respectfully oppose Defendants' and North Carolina's motions to strike the Declaration of Lara J. Wolfson, Ph.D., Regarding Plaintiffs' Acquisition of Data on Imputation in Census 2000.

The motions to strike focus primarily on the merits of the laches argument raised by Defendants and North Carolina and not on the issue of whether the Court should strike Dr. Wolfson's declaration. The only arguments that Defendants and North Carolina make on this (the only relevant) point are that Dr. Wolfson's declaration was (1) filed after the usual time; (2) not based on personal knowledge, and (3) reliant on inadmissible hearsay.

The fact that Dr. Wolfson's declaration was filed and served after the time that Defendants and North Carolina expected it does not provide support for the motions to strike. The declaration became necessary only when Defendants raised a new laches argument for the first time in their reply brief, and the Court inquired into the factual underpinnings of that argument at the August 29, 2001 summary judgment hearing. When counsel for Plaintiffs offerred to submit the declaration at oral argument, the Court indicated that the proper procedure would be to file the declaration with the Court in the ordinary course. Dr. Wolfson's declaration provides the Court with a more complete picture of the facts relevant to Defendants' new argument. The fact that Defendants did not expect Plaintiffs to be able to respond to their sandbagging is an affirmative reason to consider the declaration—not a reason to strike it.

Moreover, it is well within the Court's discretion to refuse to strike the declaration. It is well established that district courts may consider supplemental or entirely new affidavits in support of or opposing summary judgment when the supplemental or new affidavit is "useful for [the court's] summary judgment determination." *Lighton v. University of Utah*,

209 F.3d 1213, 1227 (10th Cir. 2000); *see also* C. Wright, *et al.*, *Federal Practice and Procedure* § 2719 (1998). Courts have repeatedly exercised their discretion to accept affidavits (both in support and opposition of summary judgment) filed on the day of the hearing. *See Federal Practice and Procedure* § 2719 nn. 9 & 28; *McCloud River R.R. Co. v. Sabine River Forest Prods., Inc.*, 735 F.2d 879, 882 (5th Cir. 1984); *Woods v. Allied Concord Fin. Corp.*, 373 F.2d 733, 734 (5th Cir. 1967); and *Beaufort Concrete Co. v. Atlantic States Constr. Co.*, 352 F.2d 460, 463 (5th Cir. 1965).

The second and third arguments offered in support of the motions to strike are equally meritless. The face of Dr. Wolfson's declaration demonstrates that her testimony is based on personal knowledge. Indeed, the declaration relates her personal efforts to determine how imputation was used in the 2000 census and its effect, if any, on apportionment. *See, e.g.*, Declaration ¶¶ 10-32. Similarly, since Dr. Wolfson's declaration reports her own efforts and conclusions, it is not inadmissible hearsay.

Finally, because Defendants and North Carolina focus the motions to strike primarily on the merits of their laches claim, it is important to note that their argument on the merits is incorrect. Simply put, Plaintiffs acted with remarkable diligence to ascertain the facts surrounding the Defendants' use of statistical imputation and promptly brought their claim once they discovered that they had standing to do so. Additionally, Defendants' timeliness claims are inapplicable to this case both because Defendants and North Carolina have failed to identify any prejudice that would flow from a decision on the merits of Plaintiffs' suit, and because the doctrine of laches is unavailable to bar the resolution of matters brought by a State in the public interest. *See, e.g., Utah Power & Light Co. v. United States*, 243 U.S. 389, 409 (1917)

3

("[L]aches or neglect of duty on the part of officers of the government is no defense to a suit by it to enforce a public right or protect a public interest."); *accord Nevada* v. *United States*, 463 U.S. 110, 141 (1983); *United States* v. *Telluride Co.*, 146 F.3d 1241, 1246 n.7 (10th Cir. 1998); *Flacke* v. *NL Industries, Inc.*, 644 N.Y.S. 2d 404, 406 (3d App. Div. 1996); *New York* v. *Vernooy*, 486 N.Y.S. 2d 735, 737 (1st App. Div. 1985); *Mohave County* v. *Mohave-Kingman Estates, Inc.*, 586 P.2d 978, 982 (Ariz. 1978); *Hickey* v. *Illinois Central Railroad Co.*, 220 N.E. 2d 415, 425-26 (Ill. 1966). These two defects are fatal to any purported laches defense, and they stand unrefuted in Defendants' submissions to the Court. Accordingly, the laches defense fails as a matter of law, and any supposed dispute on other issues of fact is immaterial.

For the foregoing reasons, the motions to strike should be denied.

DATED this 10th day of September, 2001.

Respectfully submitted,

Mark L. Shurtleff
Attorney General of Utah
Raymond A. Hintze
Chief Civil Deputy Attorney General
J. Mark Ward
Assistant Attorney General

Thomas R. Lee
1395 E. Canberra Dr.
Lindon, UT 84042
801-378-9024

Gene C. Schaerr
Michael S. Lee
Jay T. Jorgensen
SIDLEY AUSTIN BROWN & WOOD
1501 K Street, N.W.
Washington, DC 20005
202-736-8000

## CERTIFICATE OF SERVICE

I, Becky Jorgensen, hereby certify that a true and correct copy of the foregoing document was served on September 10, 2001 on each of the persons listed below:

Hon. Paul M. Warner
U.S. Attorney's Office, District of Utah
185 South State Street, Suite 400
Salt Lake City, UT 84111

Jathan W. Janove
Janove Baar Associates, L.C.
9 Exchange Place Suite 900
Salt Lake City, UT 84111

Tiare B. Smiley
State of North Carolina
114 W. Edenton Street
PO Box 629
Raleigh, North Carolina 26702

Amy M. Allen
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 833, 901 E Street, N.W.
Washington, D.C. 20044

*Becky Jorgensen*